Eastern Dis't
November, 1826

MARTIAL
vs
COTTEREL.

---

### GRIFFON vs. MAYOR & AL.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The petition states that on the 25th of March, 1824, the farm of certain duties, to be collected on the wharfage of flatboats

5 ns 279
105  216

If the farmer of the city revenue has notice, at the time of adjudication, that an ordinance then in its passage in the city council, if passed into

EasternDis'ct
Nov'ber,1826.

GRIFFON
vs.
MAYOR &AL

law, is to form a part of the conditions of the contract, he cannot resist its effect, on the ground that it was not a law at the time he contracted.

Selling flour by the barrel, or bacon by the single ham, on the levee, is selling by retail.

and others, was adjudicated to the plaintiff, for one year—during which, contrary to the custom, and in violation of the plaintiff's rights, several owners of boats have been threatened and harassed by prosecutions by one of the officers of the corporation, for selling flour by the single barrel and hams by the piece, whereby a number of owners of boats have been deterred from remaining along the levee, as they did before, and the plaintiff has been deprived of a large sum of money, which he would have otherwise collected under the adjudication of the same; and that he is entitled to damages.

The general issue was pleaded, the defendants had a verdict and judgment, and the plaintiff appealed.

At the trial, the defendants offered in evidence an ordinance of the city council, which had passed that body on the 23d of March 1824, and was read to the bidders before the adjudication, and referred to in the plaintiff's deed on the 25th, but which did not receive the approbation of the mayor until the 27th, the object of which was to restrain the sales by retail on board of boats along the levee. The plaintiff objected to

this piece of evidence, on the ground that the document was only inchoate and had not received its perfection, at the time of the adjudication ; and the corporation could not, by an act of theirs posterior to the adjudication, derogate from the rights acquired by the plaintiff by his bargain with them.

We think the plaintiff having been informed, by the reading to the bidders and the reference in his deed, that the intended restriction was contemplated, and the ordinance establishing it on its way, he took the chance of its ultimate fate, and could not afterwards complain, if the ordinance became binding by the signature of the mayor. The judge acted correctly in admitting it.

The plaintiff excepted also to a part of the charge, in which the judge told the jury that " there is no doubt that selling by the barrel or by the ham, is selling by retail."

It does not appear to us the judge erred. The object of the ordinance was to prevent the levee from being obstructed by boats tarrying till a cargo of flour and hams was sold off by the single barrel and ham. Surely a

boat load of hams must be said to be retail-ed when sold by the single ham.

We conclude, the plaintiff having had full notice of the passage of the ordinance by the council, although he sustained a *loss* by its becoming binding by the signature of the mayor, received no *injury*   No forced interpretation was given to the prohibition to retail, when it was extended to prevent the disposal of a cargo of flour and hams by the single barrel or ham, although, here-tofore, flour and hams might be sold in the boats by the pound or a less quantity.

It is therefore ordered, adjudged and de-creed, that the judgment of the district court be affirmed with costs.

*Derbigny* for the plaintiff, *Moreau* for the defendant.